# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# CHARLESTON DIVISION

| | |
|---|---|
| Gerald Timmons, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Civil Action No.: 2:16-cv-00014-JMC |
| v. ) | |
| ) | |
| Florence County Jail Medical Department ) | **ORDER** |
| Administrator, Florence County ) | |
| Detention Center Jail Administrator, ) | |
| Sheriff of Florence County, ) | |
| ) | |
| Defendants. ) | |
| _____) | |

This matter is before the court upon review of the Magistrate Judge's Report and Recommendation ("Report") (ECF No. 84), filed on January 26, 2018, recommending that the court grant Defendants' Motion for Summary Judgment (ECF No. 61.)

The Magistrate Judge's Report is made in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02(B)(2)(d) for the District of South Carolina. The Magistrate Judge makes only a recommendation to this court, which has no presumptive weight. The responsibility to make a final determination remains with this court. *See Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The court is charged with making a *de novo* determination of those portions of the Report to which specific objections are made. Fed. R. Civ. P. 72(b)(2)-(3).

The parties were advised of their right to file objections to the Report (ECF No. 84 at 11), but neither party did.

In the absence of objections to the Magistrate Judge's Report, this court is not required to provide an explanation for adopting the recommendation. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983). Rather, "in the absence of a timely filed objection, a district court need not conduct

1

a *de novo* review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (*quoting* Fed. R. Civ. P. 72 advisory committee's note). Furthermore, failure to file specific written objections to the Report results in a party's waiver of the right to appeal from the judgment of the District Court based upon such recommendation. 28 U.S.C. § 636(b)(1); *see Wells v. Shriners Hosp.*, 109 F.3d 198, 200 (4th Cir. 1997) ("[t]he Supreme Court has authorized the waiver rule that we enforce. . . . '[A] court of appeals may adopt a rule conditioning appeal, when taken from a district court judgment that adopts a magistrate's recommendation, upon the filing of objections with the district court identifying those issues on which further review is desired.'") (citing *Thomas v. Arn*, 474 U.S. 140, 155 (1985)).

After a thorough review of the Report and the record in this case, the court finds the Report provides an accurate summary of the facts and law.[1] Plaintiff has not proven that Defendants' actions in prescribing him Naproxen, despite his kidney issues, rises to the level of deliberate indifference; thus, his constitutional rights were not violated. (ECF No. 84 at 6.) As to Plaintiff's breach of contract claim, Plaintiff has not alleged that there was a contract between him and Defendants, therefore he has not stated a claim upon which relief can be granted. (*Id.* at 8 n.1.) Lastly, the Report construes Plaintiff's Complaint to include a negligence or medical malpractice claim,[2] and analyzed Plaintiff's Complaint under a medical malpractice framework. (*Id.* at 8.)

---

[1] The court notes that the Report's caption fails to include the Sheriff of Florence County, but concludes that this omission is a harmless error as the Magistrate Judge's reasoning in granting Defendants' Motion for Summary Judgment is applicable to the Sheriff.

[2] Medical malpractice is a category of negligence, and the differentiation between medical malpractice and ordinary negligence depends on whether expert testimony is needed to establish the claim. *See Dawkins v. Union Hosp. Dist.*, 758 S.E.2d 501, 504 (2014) ("[ ], many states' courts distinguish between medical malpractice and ordinary negligence actions by determining whether expert testimony is necessary to aid the jury's determination of fault, particularly with respect to

The Report recommends that the court grant Defendants' Motion for Summary Judgment as to Plaintiff's medical malpractice claim because "Plaintiff has not presented any expert evidence regarding the standard of care or the Defendants' failure to conform to the required standard[,]" as required by the Supreme Court of South Carolina in *Brouwer v. Sisters of Charity Providence Hospitals*, 763 S.E.2d 200, 203 (S.C. 2014) (citing *Carver v. Med. Soc'y of S.C.*, 334 S.E.2d 125, 127 (S.C. Ct. App. 1985)). (*Id.* at 8-9.) The court finds that this analysis proper and agrees with the Report's recommendation as to this claim.

For these reasons, the court **ACCEPTS** the Magistrate Judge's Report and Recommendation (ECF No. 84), and **GRANTS** Defendants' Motion for Summary Judgment (ECF No. 61.)

**IT IS SO ORDERED.**

*J. Michelle Childs*
United States District Judge

February 27, 2018
Columbia, South Carolina

---

the "duty" and "causation" elements of the claim.") "In general, if the patient receives allegedly negligent professional medical care, then expert testimony as to the standard of that type of care is necessary, and the action sounds in medical malpractice. However, if the patient instead receives 'nonmedical, administrative, ministerial, or routine care,' expert testimony establishing the standard of care is not required, and the action instead sounds in ordinary negligence." *Id.* (internal citations omitted).

3